

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2008

# USA v. Salehi

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2696

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Salehi" (2008). *2008 Decisions*. Paper 812.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/812

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 07-2696 and 07-2697

UNITED STATES OF AMERICA

v.

SHER MOHAMMAD SALEHI
a/k/a HAJI LATIF

Sher Mohammad Salehi,
                                    Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. Nos. 01-cr-00401-10 and 01-cr-00674-02)
District Judge:  The Honorable Katharine S. Hayden

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion Filed: July 23, 2008)

OPINION

BARRY, Circuit Judge

Sher Mohammad Salehi appeals the District Court's judgment of sentence

following his conviction on five counts of heroin trafficking.  We will affirm.

## I.

Because we write only for the parties, familiarity with the facts is presumed, and we set forth only those facts that are relevant to our analysis.

Between 1999 and 2001, Salehi, together with several co-conspirators, was responsible for smuggling large quantities of heroin into the United States from Pakistan and selling it to drug dealers who then repackaged it for street-level distribution.  On April 10, 2001, he was arrested and charged in two separate indictments, Nos. 01-674 and 01-401.  Following a jury trial in No. 01-674, he was convicted of one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841, and one count of conspiracy to do the same, in violation of 21 U.S.C. § 846.  Shortly thereafter, he pled guilty in No. 01-401 to two counts of possession with intent to distribute heroin, in violation of § 841, and one count of conspiracy to do the same, in violation of § 846.

Salehi's convictions in Nos. 01-674 and 01-401 were consolidated for sentencing. Following a hearing, the District Court found that he was an organizer or leader of extensive criminal activity, resulting in a four-level increase in his offense level pursuant to U.S.S.G. § 3B1.1(a), and that he had obstructed justice by threatening a cooperating government witness, resulting in a two-level increase pursuant to U.S.S.G. § 3C1.1. Having made those findings, the Court calculated his Sentencing Guidelines range at 151-188 months, and sentenced him to 160 months imprisonment.  He appealed.

We affirmed his conviction, but remanded for re-sentencing in light of *United*

*States v. Booker*, 543 U.S. 220 (2005). On remand, following a hearing, the District Court reaffirmed its findings that he was a leader or organizer of extensive criminal activity and that he had obstructed justice, resulting in the same Guidelines range of 151-188 months. The Court sentenced him to 151 months imprisonment, finding that his post-conviction efforts to cooperate with the government in an unrelated case merited a slight reduction from its original 160-month sentence. He appeals, arguing that the Court erred in applying both enhancements and in imposing an unreasonable sentence.

## II.

We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review factual findings underlying the enhancements for clear error, while exercising plenary review over conclusions of law. *United States v. Miller*, 527 F.3d 54, 75 (3d Cir. 2008). A factual finding is clearly erroneous "only if we are left with a definite and firm conviction that a mistake has been committed." *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007). In reviewing the sentence for reasonableness, we determine, first, whether the District Court gave meaningful consideration to the factors set forth in 18 U.S.C. § 3553(a), and second, whether the Court applied those factors reasonably to the circumstances of the case. *Id.* at 203-04.

## III.

Salehi claims that the District Court erred in applying a four-level enhancement under § 3B1.1(a) because he was not an organizer or leader of criminal activity involving five or more participants. This argument lacks merit, as it mischaracterizes the basis for

the enhancement. Section 3B1.1(a) permits a sentencing court to increase the offense level by four levels if the defendant was an "organizer or leader of a criminal activity that involved five or more participants *or was otherwise extensive*." U.S.S.G. § 3B1.1(a) (emphasis added). At the original sentencing hearing, the Court expressly declined to "count noses" under the first prong of § 3B1.1(a) – *i.e.*, determine whether five or more participants were involved in the criminal activity – because it found that the criminal activity at issue was otherwise extensive. (Supp. App. 110.) At the re-sentencing hearing, the Court stated that it was "going to stick with that enhancement" because "it was properly applied according to the facts that were explicated in the course of the long and hard fought trial." (App. 13.) While the Court, both at the original sentencing hearing and at the re-sentencing hearing, expressed a belief that the criminal activity likely involved five or more participants, the basis for the four-level enhancement clearly was its finding that the activity was otherwise extensive.[1] Salehi does not challenge that finding on appeal, and we will not disturb it.

Salehi claims, next, that the District Court erred in finding he threatened a cooperating government witness, Nadar Khan, during a break in Khan's testimony. Khan claimed that, as he walked past a cell containing Salehi and another defendant, Salehi threatened to "tear [his] whole family to pieces." (Supp. App. 43.) Upon hearing this

---

[1] Salehi's counsel acknowledged as much at the re-sentencing hearing: "I didn't spend a lot time [sic] on organizer leader [sic] because I knew exactly where the Court was coming from. I will remind the Court you said it was otherwise extensive even if he didn't have the five or more." (App. 17.)

threat, Khan claimed he attempted to notify Deputy Marshal Brian Gillen, who was accompanying him at the time, but Gillen told him to "keep going." (*Id.*) Salehi denied making any such threat. Gillen testified that (1) he heard voices speaking in Salehi's cell, but they were not speaking a language he understood; (2) as he and Khan passed Salehi's cell, Khan slowed and leaned his head in the direction of the cell, "clearly indicating that he was listening"; and (3) after leaning his head toward the cell, Khan turned around and looked at Gillen, and Gillen ordered him to continue moving. (App. 84-91.) The Court found that Khan's testimony was credible, that Gillen's testimony generally supported Khan's version of events, and that Salehi had in fact threatened Khan.

Salehi claims that discrepancies between Khan's testimony and Gillen's testimony – including whether Salehi was talking loudly or softly and whether Khan said anything when he turned to Gillen after allegedly hearing the threat – render Khan's testimony incredible. We disagree. Viewed in its entirety, the evidence strongly suggests that Salehi said something to Khan as he passed Salehi's cell. The District Court, having the opportunity to weigh the credibility of Khan, Salehi, and Gillen, and in light of the circumstances, found that the substance of the communication was a threat. That finding does not leave us "with a definite and firm conviction that a mistake has been committed," *Lessner*, 498 F.3d at 199, and we will not disturb it.

Finally, Salehi claims that his sentence is unreasonable because (1) the District Court erred in imposing an organizer or leader enhancement; (2) the Court erred in imposing an obstruction of justice enhancement; (3) he is 64 years old; (4) he faces

immediate deportation at the end of his sentence; and (5) many of his co-defendants have completed their sentences already. For the reasons discussed above, the first two claims lack merit. The Court considered the remaining claims – Salehi's age, the fact that he faces deportation, and the severity of his sentence – but found they did not warrant a lower sentence in light of other § 3553(a) factors, particularly the seriousness of the offense and the need to promote respect for the law. We are satisfied that the Court gave meaningful consideration to the § 3553(a) factors and reasonably applied those factors to the circumstances of the case. *Lessner*, 498 F.3d at 203-04.

## IV.

For the reasons set forth above, we will affirm the judgment of sentence.